IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br><br>vs.<br><br><br>BRADLEY GRANT KITCHEN, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT GARRETT'S MOTION TO CONTINUE TRIAL<br><br><br><br><br>Case No. 2:07-CR-895 TS |

This matter comes before the Court on Defendant Garrett's Motion to Continue.  For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Defendant Garrett's motion is based on three primary grounds: (1) the government's delay in designating its expert witness; (2) the government's delay in providing documents; and (3) the government's delay in producing witness and exhibit lists.  The first and third grounds have now been resolved.  The government no longer seeks to introduce the testimony of Ms. Burnham and the government has indicated that it will provide to defense counsel copies of the documents it intends to use as part of its case-in-chief no later than August 7, 2008.

1

Thus, it is only the government's recent production of documents which the Court will consider in deciding this Motion.

As noted in the government's Response to Defendants' Motions, since July 1, 2008, the government has produced over 10,000 pages of documents to Defendants. The government intends to produce additional documents, consisting of approximately 250 pages, on August 5 and 6, 2008. Defendant Garrett argues, based on this recent production of documents, that he will be unable to adequately prepare for trial and requests a continuance. Defendant Clarke objects to Defendant Garrett's Motion. Defendant Clarke argues that, rather than granting a continuance, the Court should prevent the government from using the recently disclosed documents.[1] With this background in mind, the Court turns to the merits of Defendant's Motion.

## II.  DISCUSSION

The Court considers several factors in determining whether a continuance is warranted:

> the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm that [Defendant] might suffer as a result of the district court's denial of the continuance.[2]

A.  DILIGENCE

Here there is evidence that Defendant Garrett has demonstrated a lack of diligence. In making this finding, there are a number of factors worth noting. First, Defendant Garrett filed a

---

[1] It should be noted that neither Defendant Clarke nor Defendant Garrett have moved to exclude any of the recently disclosed documents by way of motion. *See* Docket Nos. 222 and 235. Defendant Garrett has, however, again moved to continue the trial. *See* Docket No. 234.

[2] *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).

Motion to Suppress in this case.[3]  However, Defendant failed to submit a memorandum in support of his motion and the Court was required to decide the issue without his input.[4]  Second, Defendant Garrett failed to submit a memorandum after the Court conducted the *James* hearing and, again, the Court was required to decide the issue without the benefit of argument by Defendant Garrett.[5]  Third, at the hearing on Defendants' Motions to Suppress, counsel for Defendant expressed his desire to go to trial as scheduled.[6]  Indeed, Defendant's counsel echoed the sentiments of another counsel who "zealously insist[ed] upon a trial."[7]  Finally, Defendant Garrett waited until shortly before trial to ask for this continuance.[8]  The Court cannot ignore these facts in considering the diligence of Defendant Garrett and his counsel.

B.        USEFULNESS OF THE CONTINUANCE

The Court cannot doubt that a continuance would be useful.  As stated, the government has produced a number of documents in this case, many within the last several weeks.  It cannot be denied that additional time would be helpful in reviewing these documents.

---

[3] Docket No. 82.

[4] Docket No. 212.

[5] Docket No. 211.

[6] *James* Hearing Trans. 151:15-23.

[7] *Id*. 151:12-13.

[8] *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (finding that request to continue trial made only five days before trial showed lack of diligence).

C.    INCONVENIENCE

Granting a continuance would severely inconvenience the Court, the witnesses, the government, the other Defendants, and potential jurors. As the Tenth Circuit recognized:

> [A]ny continuance granted practically on the eve of trial inevitably will disrupt the schedules of the court, the opposing party, and the witnesses who have been subpoenaed or who have voluntarily arranged their schedules to attend the trial. When, as here, a jury trial is involved, there is additional potential inconvenience to jurors and to the court.[9]

The trial setting for this case has been in place since February 5, 2008.[10] The Court has now set aside at least four weeks of its calendar for this trial. The parties, no doubt, have been engaged in serious trial preparation for weeks. Thus, a continuance would inconvenience all those involved. Further, the Court notes that this is a multi-defendant case and only Defendant Garrett has requested a continuance. The Court cannot ignore the other Defendants' desire to go to trial as scheduled. Defendant Clarke has objected to Defendant's Motion[11] and while Defendant Cloward has not filed a formal objection, he has made clear his desire to go to trial. Since the Court has denied Defendants' Motions to Sever,[12] the Court must consider the rights of the other Defendants before making a decision to continue the trial.[13] Finally, Defendant Garrett does not specify the amount of additional time needed to prepare. "Because of defendant's failure to specify the additional time needed, the resulting uncertainty as to the extent to which

---

[9] *Id.*

[10] Docket No. 59.

[11] Docket No. 225.

[12] Docket No. 213.

[13] *United States v. Scott*, 37 F.3d 1564, 1576 (10th Cir. 1994) ("[I]n a conspiracy trial it is preferred that persons charged together be tried together.").

the continuance would have inconvenienced the government, its witnesses, and the court must be resolved against defendant."[14]

D.    NEED AND PREJUDICE

The final factor to consider is the need asserted for the continuance and the harm that Defendant might suffer as a result of the Court's denial of the continuance. Here, Defendant has failed to present any evidence that he has been prejudiced as a result of the recent disclosure of documents by the government. Defendant only makes generalized arguments that the government's recent disclosures will prejudice him, but points to nothing specific. The Court finds that Defendant has not met his burden to show prejudice.

Based on the above, the Court finds that a continuance is not warranted. The Court will, however, allow Defendants to file a motion in limine seeking to exclude any document or set of documents disclosed to them after August 1, 2008,[15] on the basis that they are prejudiced by the recent disclosure of that particular document or set of documents.[16] Any such motion must be filed by Defendants by August 8, 2008, at 5:00 p.m.[17] The government must respond by August 11, 2008, at 5:00 p.m.[18]

---

[14] *Rivera*, 900 F.2d at 1476.

[15] The Court finds that Defendants have had sufficient time to review documents which were disclosed to them on or before August 1, 2008.

[16] Defendant Garrett has already filed one such motion. *See* Docket No. 234.

[17] All other motions in limine are due by August 6, 2008.

[18]

## III.  CONCLUSION

It is therefore

ORDERED that Defendant Garrett's Motion to Continue (Docket No. 220) is DENIED.

DATED   August 6, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge