IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERY DAVID GARRETT,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR EQUITABLE RELIEF AND CORRECTING CLERICAL ERROR<br><br>Case 2:07-cr-895-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Jeffery David Garrett's pro se Motion for Equitable Relief from Restitution Payments.[1] For the reasons discussed below, the Court will deny the Motion but will correct certain clerical errors related to Mr. Garrett's restitution payments.

## I.  BACKGROUND

Mr. Garrett pleaded guilty to wire fraud on August 13, 2008, and was sentenced on April 2, 2009, to a 12-month-and-one-day term of incarceration. Additionally, as part of his sentence, he was ordered to pay $100,000 in restitution jointly and severally with his co-defendants under the Mandatory Victim Restitution Act ("MVRA").[2] Mr. Garrett represents that he has since made "substantial good-faith payments" toward the restitution balance, totaling over $80,000.[3] He now seeks an order relieving him from further restitution obligations arguing that, due to his disproportionally large contribution to the joint-and-several restitution balance, requiring further payment from him would be inequitable. Specifically, Mr. Garrett seeks an order requiring the

---

[1] Docket No. 438.

[2] Docket No. 358.

[3] Docket No. 438, at 1.

government to seek the remaining restitution balance from only his co-defendants or, alternatively, modification of the restitution order "to reflect a more equitable distribution based on [Mr. Garrett's] substantial payments already made."[4] Mr. Garrett also attached an accounting of his payments, which includes an assertion that he made a $28,500 payment toward the restitution balance in August 2011, for which has not received credit.

The government opposes the Motion but does not dispute Mr. Garrett's assertions regarding his disproportionate contribution to the restitution balance or that he should have been credited for $28,500 payment.[5]

## II.  DISCUSSION

### a.  Equitable Relief

The Tenth Circuit has held that a restitution order imposed under the MVRA may only be modified as provided in 18 U.S.C. § 3664(o),[6] which states as follows:

A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—

(1) such a sentence can subsequently be—

(A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;

(B) appealed and modified under section 3742;

(C) amended under subsection (d)(5); or

(D) adjusted under section 3664(k), 3572, or 3613A; or

---

[4] Docket No. 438, at 2.

[5] Docket No. 443.

[6] *United States v. Wyss*, 744 F.3d 1214, 1217 (10th Cir. 2014) ("Congress through its enactment of the MVRA set up a specific and detailed scheme addressing the issuance and modification of restitution orders arising out of criminal prosecutions. The mechanism for the issuance and enforcement of orders of restitution entered pursuant to § 3663A is set forth in 18 U.S.C. § 3664. Subsection (*o*) of the latter statute provides the means by which an order of restitution may be altered."); *see id.* at 1219 (reversing district court's order reducing amount of restitution three years after sentencing where such reduction was not consistent with § 3664(o)).

(2) the defendant may be resentenced under section 3565 or 3614.

Mr. Garrett has not asserted, and the Court has likewise not identified, any method provided in § 3664(o) that could justify modification of Mr. Garrett's restitution order under the present circumstances. Absent an appeal or a resentencing, § 3664(o) provides for amendment of a restitution order only where the amount of the victim's losses were "not ascertainable" at sentencing,[7] and for an adjustment only to a payment schedule, not the total restitution amount due, where a defendant has experienced a change in financial circumstances. These circumstances are not presented here.

Mr. Garrett has not otherwise pointed the Court to authority, and the Court is not aware of any, that would allow the Court to modify a restitution order where a defendant has paid a disproportionate amount of a joint and several restitution order, even where, as here, the disproportionality is significant. By contrast, "the use of joint-and-several-liability nomenclature in the restitution context serves an important function. It conveys that the victim can be fully compensated even if one of those liable is unable to pay that person's assigned share of the liability."[8] As such, a joint-and-several restitution order contemplates the possibility of "one defendant's paying more than [their] apportioned share of liability when the [victim's] recovery from other defendants is limited by factors beyond the [victim's] control," and "makes the other defendants, rather than an innocent [victim], responsible for the shortfall."[9] Accordingly, the Tenth Circuit has explained that "it misconceives joint and several liability to say that it provides that any defendant who is made jointly and severally liable can expect that his liability will be

---

[7] 18 U.S.C. § 3664(d)(5).

[8] *United States v. Salti,* 59 F.4th 1050, 1058 (10th Cir. 2023).

[9] *Id.*

reduced through another defendant's contributions."[10]

   *b. Adjustment to Payment Credits*

   Upon reviewing Mr. Garrett's Motion, the government investigated Mr. Garrett's assertion that he did not receive credit for a $28,500 payment he made in August 2011. The government explains that a co-defendant was mistakenly credited with Mr. Garrett's $28,500 payment, which was then applied to the wrong victim. Therefore, the government requests an order from the Court correcting this clerical error. The Court will grant the request.

III. CONCLUSION

   It is therefore

   ORDERED that Defendant's Motion for Equitable Relief from Restitution Payments (Docket No. 438) is DENIED. It is further

   ORDERED that Mr. Garrett shall be credited with the $28,500 payment mistakenly credited to his co-defendant. It is further

   ORDERED that the Clerk of Court shall hold all restitution payments received in the instant case until a balance of $27,995.42 is reached, which will then be distributed to Mr. Garrett's victim. From that point forward, the Clerk of the Court will resume distributing restitution payments to the appropriate victim(s).

   DATED this 25th day of March, 2026.

BY THE COURT:

_____
Ted Stewart
United States District Judge

_____

   [10] *Id.* at 1059.